

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 10, 2018**

_____
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Tony Randall and | § | |
| Wendy Randall, | § | Case No. 17-33322-hdh13 |
| | § | |
| Debtors. | § | |
| | § | |

## MEMORANDUM OPINION

This Court must determine if postpetition interest on a prepetition domestic support obligation ("DSO") for child support can be paid through a Chapter 13 plan when other unsecured creditors are not being paid in full. Because the definition of domestic support obligation under 11 U.S.C. § 101(14A) specifically includes interest accruing pursuant to applicable nonbankruptcy law and domestic support obligations are priority claims that must be paid in full pursuant to 11 U.S.C. §§ 507 and 1322(a)(2), the Court finds that postpetition interest that accrues on DSO claims under applicable nonbankruptcy law must be paid through Chapter 13 plans.

### I. Relevant Factual Background

On September 1, 2017, Tony and Wendy Randall (the "Debtors") filed a voluntary petition for Chapter 13 bankruptcy [Docket No. 1] (the "Voluntary Petition"). On that same day, they also

filed their Chapter 13 plan [Docket No. 2] (the "Plan"), which provided for the payment of interest at a rate of six percent on two separate DSO arrearages, but did not provide for the payment of all general unsecured creditors in full.

The Office of the Attorney General of Texas, Child Support Division (the "Attorney General"), filed two proofs of claim for child support arrears on September 14, 2017: Proof of Claim Number 2 in the amount of $36,897.39 and Proof of Claim Number 3 in the amount of $10,214.87 (collectively the "DSO Claims").  On November 20, 2017, the Chapter 13 Trustee (the "Trustee") filed an objection to confirmation [Docket No. 20], objecting to the payment of postpetition interest on the DSO Claims through the Plan.  The Debtors subsequently filed an amended plan [Docket No. 25] (the "Amended Plan"), which did not provide for the payment of postpetition interest on the DSO Claims.  The Attorney General then objected [Docket Nos. 29 and 30] on the basis that the Amended Plan did not provide for the payment of postpetition interest on the DSO claims.

The Court held a hearing to consider confirmation of the Amended Plan on February 7, 2018.  On February 26, 2018, the Court entered an order confirming the Plan with the requirement that it provide for payment of postpetition interest on the DSO Claims.[1]  The Court now issues this memorandum opinion to explain the reasons for its ruling.

## II. Legal Analysis

There is a split of authority in the Fifth Circuit regarding whether or not debtors are required to pay postpetition interest on valid DSO claims for child support through a Chapter 13 plan.

*In re Hernandez*, an unpublished decision from the Eastern District of Texas, found that postpetition interest may not be paid through the Chapter 13 plan.  2007 WL 3998301 (Bankr. E.D.

---

[1] *See* Docket No. 35.

Tex. Nov. 15, 2007). The court in *Hernandez* noted that while amended Section 507(a)(1) of the Bankruptcy Code changed the priority scheme, moving DSOs from seventh priority to first, it only granted priority to those DSOs that were owed or recoverable as of the date of the filing of the petition, and did not, by its terms, grant priority to interest accruing postpetition. *Id.* at *2. It therefore reasoned that because the postpetition interest was not owed when the debtors filed their petition, it was not entitled to priority under the plain terms of Section 507(a)(1)(A). *Id.* Further, the *Hernandez* court noted that priority under Section 507(a)(1) is limited to *allowed* unsecured claims, and Section 502(b)(2) mandates that claims for unmatured interest be *disallowed*. *Id.* at *3. Because the postpetition interest was unmatured, the claim for postpetition interest would not qualify as an allowed claim under Section 502(b) and therefore would not be entitled to priority under Section 507(a)(1). *Id.*

Two bankruptcy courts in the Southern District of Texas have reached the opposite conclusion. *In re Resendiz*, 2013 WL 6152921 (Bankr. S.D. Tex. Nov. 20, 2013); *In re Lightfoot*, 2015 WL 3956211 (Bankr. S.D. Tex. June 22, 2015). In *Resendiz* and *Lightfoot*, the courts found that a debtor's Chapter 13 plan must provide for the payment of postpetition interest accruing on any prepetition claims for child support. Both courts relied on the plain language of Section 101(14A) of the Bankruptcy Code, which expressly provides a definition of DSO that includes interest accruing under applicable nonbankruptcy law. *Resendiz*, 2013 WL 6152921 at *3; *Lightfoot*, 2015 WL 3956211 at *3. That applicable law was Texas Family Code § 157.265, under which interest accrues on delinquent DSO claims for child support at six percent per year. The Texas Family Code therefore entitled the DSO claimants to postpetition interest on prepetition child support claims. The courts also reasoned that because newly amended Section 507(a)(1) of the Bankruptcy Code entitles DSO claims to first priority, and because Section 1322(a)(2) requires

that a debtor's plan provide for the full payment of all priority claims, the payment of those claims necessarily includes interest.

Further, *Lightfoot* specifically addresses and disagrees with the *Hernandez* court's interpretation of both Bankruptcy Code Section 507(a) and Section 502. *Lightfoot*, 2015 WL 3956211 at *4. The *Lightfoot* court instead found that the entire DSO claim, with interest, was "owed" to the claimant under the Texas Family Code and within the meaning of Section 507(a). *Id.* The *Lightfoot* court also noted that the explicit inclusion of interest in the definition of DSO under Section 101(14A) overcame any general disallowance by Section 502 for unmatured interest. *Id.*

This Court finds the reasoning in *Resendiz* and *Lightfoot* more persuasive. The definition of DSO under Section 101(14A) as including interest, coupled with the amended priority scheme of Section 507(a)(1), evidences that postpetition interest must be paid on the prepetition DSO Claims.

The Court notes that this does not mean that all DSOs must receive postpetition interest in a Chapter 13 plan because, at least in Texas, only certain types of DSOs accrue interest. The Texas Family Code provides for six percent interest on delinquent child support and makes that interest part of the debt. *See* § 157.265(a). Spousal maintenance DSOs, however, provided for in Chapter 8 of the Texas Family Code, do not have such a provision for interest on delinquent obligations. There is also no provision in Texas law for interest on attorneys' fees or educational expenses that may be considered part of a DSO. So, it appears that through Section 101(14A), Congress has allowed for priority treatment of interest accruing on a special subset of DSOs by making the interest accruing pursuant to applicable nonbankruptcy law part of the DSO itself. The

interest and principal are intertwined and inseparable, and enforcement of the interest carries the same weight as enforcement of the principal.

### III. Conclusion

In conclusion, the Court finds that the Debtors must provide for the payment of six percent interest accruing on the DSO Claims pursuant to Texas Family Code § 157.265. This reading of Section 101(14A), which specifically includes interest accruing under applicable nonbankruptcy law in the definition of domestic support obligations, Section 507, which entitles DSO claims to first priority treatment, and Section 1322(a)(2), which requires that all priority claims must be paid in full, adheres to bankruptcy's "fresh start" principles and does the best job of harmonizing the provisions of the Bankruptcy Code.

### End of Opinion ###